**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 19-4690

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHRISTOPHER LEE YATES,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  Gina M. Groh, Chief District Judge.  (3:19-cr-00019-GMG-RWT-1)

Submitted:  March 10, 2020                           Decided:  March 12, 2020

Before NIEMEYER and AGEE, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Shawn R. McDermott, MILLSMCDERMOTT, PLLC, Martinsburg, West Virginia, for Appellant.  Jeffrey Akira Finucane, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher Lee Yates pled guilty, pursuant to a written plea agreement, to possession of stolen firearms, 18 U.S.C. § 922(j) (2018), and theft of government property, 18 U.S.C. § 641 (2018), and was sentenced to 168 months' imprisonment. He noted a timely appeal. Yates' attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning the validity of Yates' guilty plea and the reasonableness of his sentence. Yates has filed a supplemental pro se brief claiming: (1) ineffective assistance of counsel and (2) that the plea was not supported by a factual basis.

Because Yates did not move in the district court to withdraw his guilty plea, we review the guilty plea hearing for plain error. *United States v. Massenburg*, 564 F.3d 337, 342 (4th Cir. 2009). "To establish plain error, [Yates] must show that an error occurred, that the error was plain, and that the error affected his substantial rights." *United States v. Muhammad*, 478 F.3d 247, 249 (4th Cir. 2007). Even if Yates satisfies these requirements, "we may exercise our discretion to correct the error only if it seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Nicholson*, 676 F.3d 376, 381 (4th Cir. 2012) (internal quotation marks omitted). Our review of the record leads us to conclude that the district court complied with Rule 11 of the Federal Rules of Criminal Procedure in accepting Yates's guilty plea, which Yates entered knowingly and voluntarily, and that the plea was supported by a sufficient factual basis.

Turning to Yates' sentence, we review a sentence for procedural and substantive reasonableness under a deferential abuse of discretion standard. *Gall v. United States*, 552

U.S. 38, 51 (2007). We must first ensure that the district court did not commit any "significant procedural error," such as failing to properly calculate the applicable Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2018) sentencing factors, or failing to adequately explain the sentence. *Id.* If we find the sentence procedurally reasonable, we then consider its substantive reasonableness. *United States v. Carter*, 564 F.3d 325, 328 (4th Cir. 2009). We presume on appeal that a sentence within or below the properly calculated Guidelines range is substantively reasonable. *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). Such a presumption is rebutted only when the defendant shows "that the sentence is unreasonable when measured against the § 3553(a) factors." *United States v. Montes-Pineda*, 445 F.3d 375, 379 (4th Cir. 2006).

We discern no procedural or substantive sentencing error by the district court. The district court correctly calculated Yates' advisory Guidelines range, heard argument from counsel, provided Yates an opportunity to allocute, considered the § 3553(a) sentencing factors, and sufficiently explained the chosen sentence. We therefore conclude that Yates' within-Guidelines sentence is both procedurally and substantively reasonable.

Finally, claims of ineffective assistance are cognizable on direct appeal "only where the record conclusively establishes ineffective assistance." *United States v. Baptiste*, 596 F.3d 214, 216 n.1 (4th Cir. 2010). A defendant should instead generally raise ineffectiveness claims in a 28 U.S.C. § 2255 (2018) motion, to permit sufficient development of the record. *See Massaro v. United States*, 538 U.S. 500, 504-06 (2003). Because the record does not conclusively show ineffective assistance, we find that Yates' ineffective assistance claims are not cognizable on direct appeal.

In accordance with *Anders*, we have reviewed the record in this case and have found no meritorious issues for appeal. Accordingly, we affirm the judgment of the district court. This court requires that counsel inform Yates, in writing, of the right to petition the Supreme Court of the United States for further review. If Yates requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Yates.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*